IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON ANTIONE JONES, | ) |
| Plaintiff, | ) ) |
| | ) Case No. 1:24-cv-13237 |
| v. | ) |
| | ) |
| UHAUL INT, SHAWN WALLACE, BRENDA OLSON, KEVIN BARRINGER, AARON FREEMAN, BRUCA AND LUCY AVEEN-WEST, AL ANDERSON, and MARK JELLISON, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSED MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER TO THE CENTRAL DISTRICT OF ILLINOIS ON CONVENIENCE GROUNDS**

Plaintiff Don Antione Jones asserts claims of alleged race discrimination, harassment, and wrongful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/101, *et seq*. ("IHRA"), and 42 U.S.C. § 1981 ("Section 1981") after being terminated from his position at a U-Haul in Coon Rapids, Minnesota.[1]

Defendants seek dismissal of the action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, transfer to the Central District of Illinois where Plaintiff was employed during the period of some of the alleged violations and where many of the individual Defendants reside.[2]

---

[1] Plaintiff also brings claims of copyright infringement and negligence leading to personal injury.
[2] While Plaintiff alleges that he was formerly employed by Defendant U-Haul International, Inc., in fact, Plaintiff was never employed by that entity. Rather, at all times material to this action, Plaintiff was employed by either U-Haul of Illinois, Inc. or U-Haul of Minnesota, Inc.

**RELEVANT ALLEGATIONS**

Plaintiff alleges that Defendants discriminated against him after he was demoted in May 2023 from his position at a U-Haul in Springfield, Illinois and later retaliated against him when he was terminated in Coon Rapids, Minnesota. (**Docket No.1, p. 4**). Significantly, none of these alleged actions took place within the jurisdiction of the Northern District of Illinois. Indeed, Plaintiff's Complaint is utterly devoid of any facts which could support a finding that the Northern District of Illinois is the proper venue for this Title VII action.

**LEGAL ARGUMENT**

**I. Plaintiff's Claims Against Defendants Should be Dismissed because Venue is Improper in this District**

Plaintiff bears the burden of establishing that venue is proper in this District. *See Gwin v. Reynolds & Reynolds Co.*, No. 01-cv-00770, 2001 WL 775969, at 1 (N.D. Ill. June 25, 2001) ("Since [d]efendant has challenged venue, [p]laintiff bears the burden of establishing that venue is proper."). Based upon the allegations set forth in the Plaintiff's Complaint, it is clear that he cannot satisfy that burden.

Venue in a Title VII action such as this one is proper in the judicial district in which: (1) the unlawful employment practice was allegedly committed; (2) the employment records relevant to such practice are maintained or administered; or (3) the aggrieved person would have worked but for the alleged unlawful employment practice. If the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3). None of the factors are present in this case as to any of the named Defendants.

Plaintiff does not identify a single alleged unlawful employment practice or other supposed improper act committed by any of the Defendants which occurred within this District. To the

contrary, Plaintiff alleges that he was employed at: "UHAUL SHOP 268000 SPRINGFIELD, IL AND UHAUL SHOP COON RAPIDS MN." (**Docket No.1; p. 3**). Further, the address for each Defendant named in the Plaintiff's Complaint is at a City, County and, in some cases, State outside of this District (**Docket No. 1; p. 2**). Plaintiff does not allege that any of the employment records relevant to the alleged discrimination or retaliation can be found within the Northern District of Illinois. Neither does he allege that he made any attempt to work for any of the Defendants within the confines of the Northern District of Illinois -- let alone that he was foreclosed from doing so on account of any of Defendants' retaliatory or discriminatory conduct.

In sum, Plaintiff has failed to allege any facts capable of establishing any of the above-referenced elements needed to prove that this action is properly venued in the Northern District of Illinois. Accordingly, the Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(3) because the venue is improper in this District.

**II.     Alternatively, this Court Should Transfer this Matter to the Central District of Illinois on Convenience Grounds**

This Court is authorized to transfer any civil action beforehand to another district or division where it could have been filed when doing so will be convenient for the parties or witnesses and in the interest of justice. 28 U.S.C. § 1404(a). In deciding whether to transfer a case for convenience, "private interests" and "public interests" must be considered. *Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997). One "private interest" factor to consider is a plaintiff's right to choose where to file his or her lawsuit. While a plaintiff's choice of forum is generally entitled to considerable weight, it is only one factor in the analysis and never dispositive by itself. Even when the plaintiff's choice forum is his or her home district, if the events giving rise to the case did not take place there, "the plaintiff's preference has minimal value." *Dunn v. Soo Line Railroad Co.*, 864 F.Supp. 64, 65 (N.D. Ill. 1994). Here, the Plaintiff's alleged

residence in the Northern District pales in comparison to the other factors set forth below. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 2010 WL 3516106 (N.D. Ill. 2010); *Ambrose v. Steelcase, Inc.*, 2002 WL 1447871 (N.D. Ill. 2002).

In resolving a motion to transfer, the situs of the events and the convenience of witnesses are both critically important factors. *Collins v. United States*, 2008 WL 4724425 (N.D. Ill. 2008). Dunn v. Soo Line R.R., 864 F. Supp. 64, 65 (N.D. Ill. 1994). Based upon the allegations expressly set forth in Plaintiff's Complaint, the acts which form the factual basis for the claims in this matter occurred outside of the Northern District of Illinois. Plaintiff worked for U-Haul in Springfield, Illinois and Coon Rapids, Minnesota, (**Docket No.1; p. 3**). Further, each of the individual Defendants named by Plaintiff in his Complaint are alleged to reside in Springfield or Coon Rapids (**Docket No.1; p. 2**). Additionally, nowhere in Plaintiff's Complaint does he set forth any allegations indicating that any of the records or documents supporting his claims can be found within the Northern District of Illinois. Under these circumstances, forcing the parties to litigate this matter in the Northern District of Illinois would be a major burden to everyone besides Plaintiff. By contrast, transferring the case to the Central District of Illinois would create increased "ease of access to the sources of proof" for a majority of the parties, and relieve those same parties from the time and expense of travel to a location which is a great distance from their residences and workplaces. *Georgouses v. Natec Res.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997). In short, the "private factors" substantially favor transfer of this action out of the Northern District of Illinois to the Central District of Illinois.

Application of the "public interest" factors also support transfer of this matter out of the Northern District of Illinois. The "public interest" factors considered by courts are the relationship of the community to the issues raised in the litigation, the court's familiarity with applicable law,

4

the relative congestion of the competing dockets, and the prospect of a speedy trial. The first factor unquestionably supports transfer of this action because the Northern District of Illinois has no nexus whatsoever to this case. By Plaintiff's own admission, his employment with U-Haul was in Springfield, Illinois and Coon Rapids, Minnesota (**Docket No.1; p. 3**). There are absolutely no allegations in the Complaint indicating that any of the injuries or harm claimed by Plaintiff occurred in this District. Similarly, the other "public interest" factors favor transfer of this matter from the Northern District of Illinois. Specifically, given that substantially all the acts of alleged discrimination, harassment, and retaliation occurred during his employment at U-Haul in Springfield, Illinois, litigating this matter in that locale will better facilitate fact investigation, depositions of witnesses, and court appearances. As a result, this matter is likely to be resolved more expeditiously if it is litigated in a location much closer to where most of the witnesses and records are -- the Central District of Illinois.

In short, because the "private factors" and "public factors" strongly militate in favor of transfer, to the extent this Court determines that venue is proper in this District, it should nevertheless transfer this matter to the Central District of Illinois for the convenience of the parties and in the interest of justice.

## **CONCLUSION**

Defendants respectfully request that this Court enter an Order dismissing this action because it is improperly venued in the Northern District of Illinois. However, even if this Court determined that venue properly lies here, it should nevertheless transfer this action to the Central District of Illinois for the convenience of the parties and in the interest of justice.

Dated this 29th day of January, 2025.

                                                Respectfully submitted,

**MWH LAW GROUP LLP**

By:    *s/ Emery Harlan*
        Emery K. Harlan
        WI State Bar No. 1000240
        Kate Trudell
        WI State Bar No. 1096395
        735 N. Water Street, Suite 610
        Milwaukee, WI 53202
        (414) 436-0353 Phone
        (414) 436-0354 Facsimile
        emery.harlan@mwhlawgroup.com
        kate.trudell@mwhlawgroup.com

**COUNSEL FOR DEFENDANTS**
**U-HAUL INTERNATIONAL, INC.**
**SHAWN WALLACE,**
**BRENDA OLSON,**
**KEVIN BARRINGER,**
**AARON FREEMAN,**
**BRUCE AVEEN-WEST,**
**LUCY AVEEN-WEST,**
**AL ANDERSON, and**
**MARK JELLISON**