IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON ANTIONE JONES, | ) |
| Plaintiff, | ) ) |
| | ) Case No. 1:24-cv-13237 |
| v. | ) |
| | ) |
| UHAUL INT, SHAWN WALLACE, | ) |
| BRENDA OLSON, KEVIN BARRINGER, | ) |
| AARON FREEMAN, | ) |
| BRUCA AND LUCY AVEEN-WEST, | ) |
| AL ANDERSON, and MARK JELLISON, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR OPPOSED MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER TO THE CENTRAL DISTRICT OF ILLINOIS**

Plaintiff's Response to Defendants' Motion to Dismiss confirms that there is absolutely no factual or legal basis for a finding that the instant lawsuit is properly venued in this Court. As an initial matter, Mr. Jones utterly failed to address the venue considerations enumerated by 42 U.S.C. §2000e-5(f)(3) or directly address Defendants' points relative to the transfer of this case to the Central District of Illinois. Those failures constitute waiver of any opposition to Defendants' contentions and are grounds, in and of themselves, for the Court to grant their Motion. Additionally, Plaintiff has offered no evidence or relevant facts to support his contention that venue for his Title VII action is proper in the Northern District of Illinois and likewise failed to offer any relevant evidence to support his contention that venue is proper in this District via his erroneous application of 28 U.S.C. §1391(b). Accordingly, this Count should grant Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative transfer this matter to the Central District of Illinois.

I.  **PLAINTIFF'S FAILURE TO ADDRESS THE VENUE CONSIDERATIONS OUTLINED IN 42 U.S.C. § 2000E-5(F)(3) OR RESPOND TO THE DEFENDANTS' CONTENTIONS REGARDING TRANSFER OF THIS CASE TO THE CENTRAL DISTRICT OF ILLINOIS CONSTITUTE WAIVERS AS TO BOTH OF THOSE ISSUES AND SUPPORT GRANTING DEFENDANTS PENDING MOTION**

As an initial matter, Plaintiff completely failed to address any of the factors relevant to the consideration of venue in Title VII cases like the instant one, as established by law, which is "mandatory and well-settled" and overrides other venue statutes and analysis thereof. *Vincent v. Woods Servs.*, No. 08-1007, 2008 U.S. Dist. LEXIS 27781, 2008 WL 939190, at 2 (D.N.J. Apr. 4, 2008) (court rejected consideration of factors beyond those expressly enumerated in Title VII venue statute in finding that venue did not lie in district court where suit was filed due to the location of the business, without regard for any other subjective factors that might affect venue in other causes of action brought alongside the Title VII claims). Likewise, Plaintiff makes no argument regarding his position on transfer of this case to the Central District of Illinois as alternatively requested by Defendants in their Motion.

Plaintiff's failure to challenge or respond to the venue deficiencies enumerated in the Defendants' Motion, is an "effective abandon[ment]" of the litigation. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). "An unresponsive response is a response" and the Plaintiff's refusal to respond amounts to a default in an adversarial system that relies on engagement and participation. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). The fact that Plaintiff is pro se does not foreclose this Court from applying the waiver doctrine here. *See Candell v. Shiftgig Bullpen Temp. Emp. Agency*, 2019 U.S. Dist. LEXIS 84265, 2019 WL 2173937, at 3 (N.D. Ill. May 20, 2019) (where pro se plaintiff did not allege her own set of facts or refute the defendant's set of facts in her summary judgment

response, she waived her right to contest the same). Accordingly, this Court should grant Defendants' Motion to Dismiss on venue grounds pursuant to Fed. R. Civ. Pro. 12(b)(3).

II. **EVEN IF THIS COURT DOES NOT FIND THAT PLAINTIFF HAS WAIVED OPPOSITION TO DEFENDANTS' VENUE CONTENTIONS UNDER 42 U.S.C. § 2000E-5(F)(3) IT SHOULD NEVERTHELESS GRANT ITS MOTION TO DISMISS BECAUSE PLAINTIFF HAS FAILED TO PRESENT ANY FACTS OR ARGUMENTS SUPPORTING THE EXISTENCE OF VENUE IN THIS DISTRICT UNDER THAT LAW**

In enacting 42 U.S.C. § 2000e-5(f)(3), Congress intentionally limited the venue in Title VII actions to jurisdictions "concerned with the alleged discrimination" by providing four instances where venue would be proper. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("*Stebbins I*"). Venue is proper under Title VII in any judicial district in which: "(a) the unlawful employment practice allegedly happened; (b) relevant employment records may be found; or (c) the plaintiff would have worked but for the discrimination," or alternatively, in the district where the respondent has its principal office. *Severinghaus v. DocuSign, Inc.*, No. 1:22-CV-00170, 2024 U.S. Dist. LEXIS 57758, at 9 (N.D. Ill. Mar. 28, 2024); 42 U.S.C. § 2000e-5(f)(3). Further, it is the Plaintiff's burden to demonstrate that venue is appropriate in this District. *Gwin v. Reynolds & Reynolds Co.*, No. 01C770, 2001 WL 77596 at 1 (N.D.Ill. July 10, 2001).

Significantly, nothing in 42 U.S.C. § 2000e-5(f)(3) provides for consideration or exceptions for parties' medical limitations as other venue statutes might. Nor does 42 U.S.C. § 2000e-5(f)(3) provide exceptions where parties need to care for ailing family members. In fact, courts have been clear in applying the Title VII venue provision where: "[a]plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper." *James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002). Moreover, where "the only connection between the [judicial district] and th[e] case seems

to be that the Plaintiff resides" in the district, venue is improper in that district under the Title VII venue statute. *Benton v. Eng.*, 222 F. Supp. 2d 728, 731 (D. Md. 2002). Indeed, this Court has found that a plaintiff residing in the Northern District of Illinois improperly filed a Title VII action in this District because the only connection to the District was the fact that he resided here; this Court, instead, held that the Central District of Illinois, where the alleged discrimination occurred, was the proper venue. *Moore v. City of Kankakee*, 2015 U.S. Dist. LEXIS 66951, 2015 WL 2455116, at 8 (N.D. Ill. May 22, 2015).

Mr. Jones' failure, and indeed, inability to produce facts to support venue in this District as set forth below should result in the Court granting the Defendants' Motion.

### A. Plaintiff Failed to Meet his Burden of Establishing any of the Four Bases for Venue in Title VII Actions

In his response, Plaintiff essentially argues two points, neither of which relate to the four bases for venue that 42 U.S.C. § 2000e-5(f)(3) provides in Title VII cases. Mr. Jones' and his father's health issues and U-Haul International's[1] ability or inability to sponsor travel for employees of independent U-Haul operations have no bearing on *where* the alleged discrimination occurred, *where* Mr. Jones' employment records are kept, *where* Mr. Jones would have been employed but for the alleged discrimination, or *where* the Defendants' principal offices are located. Those are the only pertinent considerations under 42 U.S.C. § 2000e-5(f)(3) and Mr. Jones addressed none of them because, indeed, none of the questions of *where* can be answered with "the Northern District of Illinois."

---

[1] Even if this Court found that venue had been established by Plaintiff, his employment claims against U-Haul International, Inc. should be dismissed on account of Plaintiff's admission that he was never employed by that entity. *See Almaguer v. Cook County*, 2012 U.S. Dist. LEXIS 140661, 2012 WL 4498097, 16 (N.D.Ill. Sept. 17, 2012) (rejecting plaintiff's employment discrimination and other claims due to inability to demonstrate an employee/employer relationship with the defendant).

Plaintiff focuses on his own convenience, ignoring *where* the alleged discrimination took place and *where* he was employed, and decidedly thrusts the burden of his convenience on eight (8) individual defendants and an organization that never employed him. He framed this as a "balance of convenience" in the "interest of justice" without regard for the fact that neither of those amount to appropriate considerations of the court when determining venue in a Title VII action. In light of Mr. Jones' inability to apply the standards provided by 42 U.S.C. § 2000e-5(f)(3) to the facts in the instant case and make a compelling argument as to how venue could possibly lie in the Northern District of Illinois under that law, this Court should grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3).

### B.  Plaintiff's Medical Conditions and Financial Constraints are Not Compelling, Nor   Permissible, Considerations in Venue Determinations Under Title VII

Plaintiff's attempt to demonstrate that venue is proper due to his health issues and those of his family, are completely irrelevant in determining venue in a Title VII action.  Nowhere in 42 U.S.C. § 2000e-5(f)(3) did Congress empower courts to consider additional facts beyond those expressly set forth in the statute when making determinations as to the proper venue in an action. Indeed, the financial impact and physical difficulty associated with litigating a Title VII action, is not at all probative nor dispositive in determining appropriate venue. While this Court previously showed sympathy towards one plaintiff's medical issues and financial limitations, those factors were not found to be compelling for purposes of determining venue under 42 U.S.C. § 2000e-5(f)(3). *See Swank v. Wolfe*, No. 19 C 5951, 2020 U.S. Dist. LEXIS 77799, 2020 WL 2112366, at 4 (N.D. Ill. May 4, 2020). In *Swank*, this Court determined that, despite the plaintiff's medical issues and financial constraints making venue in California difficult for her to manage, it was nonetheless proper given that the employment events underlying her claim occurred while she worked in California. *Id*.

5

Here, the Plaintiff makes an equitable argument in his response based on his residence and means, but: "for better or for worse, fairness and the interests of justice are not relevant factors." *Id*. The simple fact is that the Plaintiff has failed to provide any evidence or facts that support the finding that venue is proper in this District under the Title VII venue statute. Based upon the facts in the record, none of the acts alleged in the Complaint occurred here and neither is there a basis for finding that any records pertaining to the Plaintiff's claims are maintained in the District nor that U-Haul International's principal office is located in this District. Hence, the Plaintiff has failed to meet his burden of demonstrating that venue is proper in this District under the Title VII venue statute.

**III. VENUE ALSO DOES NOT LIE IN THIS DISTRICT UNDER 28 U.S.C. §1391(B) - - THE LAW PLAINTIFF ERRONEOUSLY CITES IN HIS RESPONSE FILING**

Under 28 U.S.C. §1391(b), a civil action may be brought in one of three districts: 1) the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. §1391(b).

Mr. Jones' response to Defendants' Motion provided no facts to show that any of the Defendants reside in the Northern District of Illinois nor that any, *much less a substantial part*, of the events underlying his claim occurred in the Northern District of Illinois. Further, since there *is* at least one District that would be appropriate for this matter under the first two provisions of 28 U.S.C. §1391(b), the third basis for determining venue is irrelevant here. Indeed, Plaintiff alleges he was employed by U-Haul in Coon Rapids, Minnesota and Springfield, Illinois. Hence, either of

6

those locations would necessarily be places where the events underlying his claim in this action occurred, making them the appropriate venues in this case.

In short, absent any facts from Mr. Jones regarding the residence of all Defendants in this District or the location of the alleged events taking place within the physical jurisdictional purview of this District, his argument regarding the existence of venue in this District under the general venue law set forth in 28 U.S.C. § 1391(b) fails as well.

## IV. EVER ASSUMING, *ARGUENDO,* THAT THE COURT DECIDES THAT VENUE IN THIS DISTRICT IS PERMISSIBLE, IT SHOULD NEVERTHELESS TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF ILLINOIS

Should this Court disagree with Defendants and find that Plaintiff is entitled to pursue his Title VII action in this District, it should nevertheless transfer this action to a more convenient forum - - the Central District of Illinois - - pursuant to 28 U.S.C. § 1404(a). Very simply, the Central District of Illinois is the venue more appropriate for disposition of this matter and the district with the most vested interest in the outcome of the case. Specifically, Plaintiff names eight (8) individual defendants in this case, many of whom live and work in the Central District of Illinois, where Mr. Jones was previously employed. Despite Mr. Jones' contention that U-Haul International can shoulder the financial burden, his argument does not account for the "ease of access to the sources of proof" for a majority of the parties. *See Georgouses v. Natec Res.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) (granting motion to transfer action to Houston pursuant to 28 U.S.C. § 1404(a) given that it is a more convenient location for the vast majority of the witnesses and the place where relevant records are located).

In addition to relieving individual parties from the time and expense of travel to a location which is a great distance from their residences and workplaces, the Central District of Illinois has a greater public interest in the outcome of the litigation. Indeed, Mr. Jones alleged no facts in his

7

Complaint, nor his response, to demonstrate that a nexus exists between the facts of this case and the Northern District of Illinois. Transferring this case to the Central District of Illinois would provide for an easier and more expeditious adjudication, which is desirable for all parties. For these reasons, even if this Court determines that venue is proper in this District, it should nevertheless transfer this matter to the Central District of Illinois for the convenience of the parties and in the interest of justice.

## CONCLUSION

The Plaintiff failed to offer any viable reason that venue would be proper in the Northern District of Illinois because none exists. He failed to assert any facts that support his contention that venue is proper under the four bases provided by Title VII venue law - - 42 U.S.C. § 2000e-5(f)(3) or the three bases proffered by the inapplicable general venue statute 28 U.S.C. 1391(b). Furthermore, he failed to respond to the Defendants' argument regarding Title VII venue and transfer to Central District of Illinois - - addressing none of the arguments laid out by Defendants in regard to the former and remaining silent as to the latter. This failure in and of itself allows the Court to conclude "that this district is not the proper venue for the case." and either dismiss it outright or transfer it to the Central District of Illinois for convenience. *Swank,* 2020 U.S. Dist. LEXIS, 2020 WL 2112366, at 4.[2]

Dated this 17th day of February, 2025.

**MWH LAW GROUP LLP**

By: *s/ Emery Harlan*
Emery K. Harlan
WI State Bar No. 1000240

---

[2] Plaintiff has petitioned the Court to appoint pro bono counsel to assist him in litigating his claims against the Defendants. Defendants respectfully request that the Court defer appointing counsel until after the resolution of the instant Motion. For requiring a lawyer from this District to potentially represent the Plaintiff in a case being litigated outside of this District would be unreasonable and unduly burdensome.

Katherine Trudell
WI State Bar No. 1096395
735 N. Water Street, Suite 610
Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
emery.harlan@mwhlawgroup.com
kate.trudell@mwhlawgroup.com

**COUNSEL FOR DEFENDANTS**
**U-HAUL INTERNATIONAL, INC.**
**SHAWN WALLACE, BRENDA OLSON,**
**KEVIN BARRINGER, AARON FREEMAN,**
**BRUCE AVEEN-WEST,**
**LUCY AVEEN-WEST, AL ANDERSON, and**
**MARK JELLISON**